IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHARLES NANCE**                                                              **PLAINTIFF**

**v.**                                                  **No. 1:19CV210-SA-RP**

**CITY OF WEST POINT, ET AL.**                                  **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTIONS [59], [60], [61], [66]
FOR THE COURT TO ISSUE SUBPOENAS**

This matter comes before the court on the plaintiff's motions [59], [60], [61], [66] for the court to issue subpoenas. In the first three motions, [59], [60], [61], the plaintiff seeks an order from the court compelling Defendant Officer Kyle Eaves and the plaintiff's former girlfriends, Leigh Ann Hall and Britney Williams to appear at his deposition. As the defendants argued in their response to these three motions, "The Federal Rules of Civil Procedure nor this Court's Scheduling Order make no provision for subpoenaing other parties (Eaves) nor third-parties (Hall and Williams) to attend a party's personal deposition. You cannot make other people come to your deposition." Doc. 65 at 2.

In his Motion [66] for Subpoena Duces Tecum, the plaintiff seeks documents regarding the performance history and disciplinary files of the two defendant law enforcement officers. The plaintiff's claim against these officers is that they singled him out, individually, for harassment based upon his race. Unsubstantiated complaints in personnel files are not discoverable; as such, the only such complaints the plaintiff might obtain would be successful complaints regarding the officers' conduct towards suspects sharing the plaintiff's race. *Sanford v. City of Detroit*, 355 F. Supp 3d 619, 621-22 (E.D. Mich. 2019) (unsubstantiated complaints are not discoverable). In any event, it appears from the pending motions for summary judgment that the deciding issues in this case are procedural, rather than substantive, in nature. As such, the discovery the plaintiff seeks is not relevant to the dispositive issues in this case, and should be denied, without prejudice, for that reason.

For the reasons set forth above, the instant motions [59], [60], [61] to compel the attendance of others at the plaintiff's deposition is **DENIED**. The plaintiff's motion [66] for a subpoena duces tecum is also **DENIED**, but without prejudice to his ability to re-urge it should the case move forward after summary judgment on one or more substantive issues.

**SO ORDERED**, this, the 31st day of March, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE